**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RUNXIAO ZHANG, | No.   15-70267 |
| Petitioner, | Agency No. A089-976-758 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 20, 2020**

Before:  THOMAS, Chief Judge, HAWKINS and McKEOWN, Circuit Judges.

Runxiao Zhang, a native and citizen of China, petitions pro se for review of

the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's ("IJ") decision denying her applications for asylum,

withholding of removal, and protection under the Convention Against Torture

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations under the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies in Zhang's testimony regarding her husband's employment. *Id.* at 1044 (adverse credibility finding must be based on the totality of the circumstances); *Jiang v. Holder*, 754 F.3d 733, 738-40 (9th Cir. 2014) (substantial evidence review is a highly deferential standard that requires upholding the adverse credibility finding so long as even one basis is supported by substantial evidence). Zhang's explanations do not compel a contrary conclusion. *See Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011) (agency not required to accept explanations for inconsistencies). Further, she failed to produce reliable corroborating evidence of the DVD that was central to her claim. In the absence of credible testimony, Zhang's asylum and withholding of removal claims fail.[1] *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Substantial evidence also supports the agency's denial of Zhang's CAT claim because it was based on the same evidence found not credible, and Zhang

---

[1] Additionally, the two witnesses, who could not remember the name of the church they allegedly attended with Zhang, failed to corroborate and bolster Zhang's claims for relief.

15-70267

does not point to any other evidence in the record that compels the conclusion that it is more likely than not she would be tortured by or with the consent or acquiescence of the government if returned to China. *See Shrestha*, 590 F.3d at 1048-49.

**PETITION DENIED.**